ANDREW DELL'AQUILA, Appellant, v. ANTONIO LENTINI, Respondent.— Action to recover damages for personal injuries suffered by plaintiff, a patron in defendant's restaurant, when scalded by coffee escaping from a percolator in defendant's kitchen. Judgment in favor of defendant, entered on the verdict of a jury, and order denying plaintiff's motion to set aside the verdict and for a new trial, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [See *post*, p. 843.]

HARRY JENKS, Respondent, v. RALPH E. LADUE et al., Appellants.— In an action to recover the agreed price of a fur coat manufactured for defendants by plaintiff, defendants appeal from an order denying their motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint, on the ground that the contract is unenforcible under the Statute of Frauds. Order affirmed, with $10 costs and disbursements. The opposing affidavits present questions of fact as to whether the coat was "not suitable for sale to others in the ordinary course of the seller's business" within the purview of subdivision 2 of section 85 of the Personal Property Law. Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ., concur.

SAMUEL KIMENTO et al., Appellants, v. CUMBERLAND HOMES, INC., Respondent.— Action for specific performance of a written contract for the sale of certain real property in Richmond County. Judgments (1) dismissing the complaint and (2) for costs, reversed on the law and the facts, with costs to the plaintiffs, and judgment directed for the plaintiffs, with costs, without prejudice to defendant's claims, if any, based on the alleged repair and alteration agreement and the alleged rental arrangement. Appeal from order dismissed, without costs. The contract upon which plaintiffs sued was admitted in the answer. The proof is conclusive that plaintiffs fully complied with the terms of that contract and, therefore, they were entitled to specific performance. Proof in respect of the alleged contract of December 30, 1941, and in respect of a renting of the premises was improperly received under the pleadings, there being no denial of the contract upon which the plaintiffs sued, and there being no affirmative defense of modification thereof pleaded, nor any pleading in respect of the alleged rental agreement. The defendant is free to prosecute a separate action against plaintiffs for such claims, if any, as it may have against them in respect of the repairs and alteration item and the rent item, recourse to which was not available under the pleadings herein. Findings of fact and conclusions of law inconsistent herewith are reversed. New findings and conclusions will be made. Settle order on notice. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

JENNIE LAZES et al., Appellants, v. KALMAN KAPLAN et al., Respondents.— In an action by plaintiff wife to recover damages for personal injuries, and by plaintiff husband for expenses and loss of services, order granting defendants' motion to change the place of trial from Kings County to Rockland County, affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ., concur.